Dear Ms. Kelly:
Our office received an opinion request from you asking whether state law permits or prohibits the placing of a cornerstone on public property. You note in your request that the cornerstone contains the emblem of the private entity providing the marker, and the entity wishes to lay a cornerstone at a fire station owned by the City of Shreveport and one at a local public school. This opinion has been assigned to me for research and review.
From the information given to our office, it appears that the issue is whether or not the City of Shreveport may accept a donation of a cornerstone, when such donation reflects the identity of the donor, a private organization, with the condition that the donation be placed on a particular public property.
There is nothing in state law which prohibits accepting the donation of a cornerstone for placement on public property. Although Article VII, Section 14 of the Louisiana Constitution prohibits the state or any of its political subdivisions from donating public funds or assets, it does not in any way prohibit the state from receiving a donation, even when the donation reflects the identity of a donor. See La. Atty. Gen. Op. Nos. 02-0288 and 03-0320. Donations may be conditional as long as the condition is not contrary to law or against good morals. La.C.C. art. 1528.
In La. Atty. Gen. Op. No. 93-88, our office discussed placement of a plaque recognizing honorees of a foundation at the St. Helena Parish Courthouse. While this opinion determined it would be inappropriate for the police jury to purchase such a plaque, our office saw no prohibition from the private foundation purchasing the plaque and the police jury placing it in the courthouse, stating: *Page 2 
 [t]he decision to place plaques on public property must lie solely within the sound discretion of the police jury. You may wish to recommend that the policy jury implement a formal policy regarding this matter to avoid allegations of discrimination and/or denial of equal protection from other private organizations which may make similar requests.
La. Atty. Gen. Op. No. 93-88.
Although the situation you have presented concerns a cornerstone, and not a plaque, we find that the two situations are analogous and that the public entity owning the property at issue should have the discretion to make the decision as to whether or not to accept the donation.
In conclusion, The City of Shreveport may accept a conditional donation of a cornerstone, as long as the condition is not contrary to law or against good morals.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB